12-2162-cv
Kosher Sports, Inc. v. Queens Ballpark Company, LLC

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of March, two thousand thirteen.

PRESENT:    BARRINGTON D. PARKER,
                     RAYMOND J. LOHIER, JR.,
                                    *Circuit Judges,*
                     JOHN G. KOELTL,[*]
                                    *District Judge.*

------------------------------------------------------------------

KOSHER SPORTS, INC.,

                     *Plaintiff-Counter-
                     Defendant-Appellant,*

                     v.                                              No. 12-2162-cv

QUEENS BALLPARK COMPANY, LLC,

                     *Defendant-Counter-
                     Claimant-Appellee.*

------------------------------------------------------------------

---

[*] The Honorable John G. Koeltl, of the United States District Court for the Southern District of New York, sitting by designation.

FOR APPELLANT:       EDWARD J. NORMAND (Jason C. Cyrulnik and Nathan A. Holcomb, *on the brief*), Boies, Schiller & Flexner LLP, Armonk, NY.

FOR APPELLEE:        AVERY S. MEHLMAN (Jonathan L. Adler and Kimberly Linkletter, *on the brief*), Herrick, Feinstein LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Jack B. Weinstein, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiff-Counter-Defendant-Appellant Kosher Sports, Inc. ("KSI") appeals from a judgment dismissing its breach of contract claim against Defendant-Counter-Claimant-Appellee Queens Ballpark Company, LLC ("QBC") and awarding QBC $55,000 on its counterclaim for breach of contract. We assume the parties' familiarity with the facts and record of the prior proceedings, which we refer to only as necessary to explain our decision to affirm.

KSI claims that a January 31, 2008 letter agreement between itself and QBC (the "Agreement") gave KSI the right to sell its kosher and glatt kosher food products at all New York Mets home games at Citi Field for the ten-year term of the Agreement. It further claims that QBC, which operates Citi Field, breached the Agreement by prohibiting KSI from vending on Fridays and Saturdays and by failing to provide a suitable location for KSI's fourth cart to sell its products. The District Court denied KSI's motion for partial summary judgment and granted QBC's motion for summary judgment, finding that the Agreement gave KSI no such rights and that KSI breached its contract with QBC by failing to make payments due under the Agreement.

"We review an order granting summary judgment de novo, drawing all factual inferences in favor of the non-moving party." Viacom Int'l, Inc. v. YouTube, Inc., 676 F.3d 19, 30 (2d Cir. 2012). Summary judgment is appropriate if "there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

"Under New York law, which the parties agree is controlling here, the initial question for the court on a motion for summary judgment with respect to a contract claim is whether the contract is unambiguous with respect to the question disputed by the parties." Law Debenture Trust Co. of N.Y. v. Maverick Tube Corp., 595 F.3d 458, 465 (2d Cir. 2010) (quotation marks omitted). If the contractual language is "wholly unambiguous," meaning that a "reasonably intelligent person" could interpret it in only one way, a court may grant summary judgment. Topps Co. v. Cadbury Stani S.A.I.C., 526 F.3d 63, 68 (2d Cir. 2008).

The District Court correctly concluded that the Agreement did not give KSI a right to sell its products at Friday and Saturday games. The Agreement provided "for certain advertising, ticket and product distribution rights from April 1, 2009 through October 31, 2018." It gave KSI the right to display one advertising message on the scoreboard at each Mets regular-season home game and place one full-page advertisement in the annual New York Mets Yearbook. It also provided KSI with two season tickets and a block of tickets for charity. Finally, it stated that QBC agreed to permit its concessionaire, Aramark Corporation ("Aramark"), to sell only KSI's brand of certain kosher and glatt kosher food products. QBC promised that it would not permit Aramark to sell competing brands of those products "during events at the Ballpark as to which admission is made available to members of the general public." In exchange for these benefits, KSI agreed to pay QBC an annual fee that started at $50,000 in 2009 and increased incrementally to $95,000 in 2018. The Agreement stated that it was "a binding and enforceable agreement and absent the execution of a more formal contract, a court may supply consistent additional terms as necessary to carry out the parties' intent."

The Agreement did not cover when or where KSI could sell its kosher food products. While it explicitly set forth KSI's "rights" to advertising space, tickets, and freedom from competition, the contract does not address the right to sell at any particular time or place. Therefore, KSI had no right under the unambiguous terms of the Agreement to sell its products at Citi Field on Fridays and Saturdays.

In urging a contrary conclusion, KSI points out that the Agreement (1) provided "product distribution rights," (2) permitted KSI to advertise "during each Mets regular season home game," and (3) stated that Aramark would not be permitted to sell competing kosher foods "during events at the Ballpark as to which admission is made available to members of the general public." Therefore, KSI argues, the only reasonable interpretation of the Agreement read as a whole is that KSI had the right to sell its products at every regular season home game. But the language of the Agreement does not suggest that the provisions relating to advertising and freedom from competition also apply to sales.

The Agreement also fails to provide KSI with a right to place four carts at mutually approved locations. The fully executed Agreement does not even mention cart locations. KSI relies on a September 2007 email between officers of QBC and KSI, which listed as a benefit of the deal "[f]our (4) portable cart locations in mutually agreed upon areas." That unsigned email was not a binding contract. To the contrary, KSI's CEO, Jonathan Katz, wrote in response to the email that the parties would need to specify exact cart locations "before [they] sign the deal." Katz's own email thus acknowledged that the Agreement, not the September 2007 email, defined the terms of the contract.

None of the extrinsic evidence proffered by KSI suggests that the parties' intent was at odds with the plain language of the Agreement. We therefore need not "supply consistent additional terms . . . to carry out the parties' intent."

4

We have considered all of KSI's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court